Kevin MacMurray Esq.,
MacMurray & Associates LLC
Two Center Plaza Suite 605
Boston MA 02108
(617) 742 8161
BBO# 558192

Attorney for Petitioner

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KUISTHER FERNANDO ORELLANA HOLGUIN, ) )  ) Petitioner-Plaintiff, ) ) v. ) ) JOSEPH D. MCDONALD JR., Facility Head ) PATRICIA HYDE, Acting Field Office Director; ) TODD LYONS, Acting Director, U.S. ) Immigrations and Customs Enforcement; ) SIRCE OWEN, Acting Director, Executive Office ) For Immigration Review; ) PAMELA BONDI, U.S. Attorney General; ) and KRISTI NOEM, U.S. Secretary ) of Homeland Security, ) ) Respondents-Defendants. ) ) | Case No. _____ |

## PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 USC §2241

### INTRODUCTION

1. This petition for a writ of habeas corpus is being filed on behalf of Mr. Kuisther Fernando Orellana Holguin (hereinafter "Mr. Orellana Holguin" or "Petitioner") seeking relief to

remedy his unlawful detention. Mr. Orellana Holguin is currently detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts. Mr. Orellana Holguin is a citizen and national of Ecuador. He has lived in the United States since 2023. He has approved Special Immigrant Juvenile status. On or about October 26, 2025, Mr. Orellana Holguin was detained by ICE.

2. Currently the U.S. Department of Homeland Security ("DHS") and the U.S. Department of Justice ("DOJ") has reversed decades of settled immigration practice and denied all immigration bond hearings. Specifically, DHS and DOJ are misclassifying people arrested inside the United States. These people are generally subject to the detention provisions of 8 U.S.C. § 1226, which usually allows for release on bond and conditions during the pendency of immigration proceedings. This misclassification is contrary to settled law and practice, and it is unlawfully premised solely upon the manner in which the person initially entered the country - in this case decades ago. Accordingly, to vindicate Petitioner's constitutional rights, this Court should grant the instant petition for a writ of habeas corpus.

3. Petitioner respectfully submits that his detention is unlawful for the following reasons: (1) DHS and DOJ are improperly applying the mandatory detention provisions of 8 U.S.C. § 1225(b) to individuals like Petitioner who were apprehended well inside the United States, even decades after entry, rather than applying 8 U.S.C. § 1226(a), which governs detention and release pending immigration proceedings; (2) this misclassification deprives Petitioner of his statutory right to a bond hearing before an Immigration Judge; (3) the government's policy represents an arbitrary and capricious departure from decades of settled law and practice without any rational basis, in violation of the Administrative

Procedure Act, 5 U.S.C. § 706(2); and (4) Petitioner's prolonged detention without an individualized bond hearing violates the Due Process Clause of the Fifth Amendment.

4. Absent an order from this Court granting habeas relief, Petitioner will remain indefinitely detained without meaningful opportunity to secure release on bond, in violation of both statutory and constitutional protections.

5. Petitioner asks this Court to find that the Department of Homeland Security and Department of Justice are unlawfully detaining him under 8 U.S.C. § 1225(b), when the governing statute is 8 U.S.C. § 1226(a), and that such detention without a bond hearing violates his statutory and constitutional rights.

6. Petitioner asks this Court to order that Petitioner shall not be transferred outside the District of Massachusetts.

7. Petitioner further asks this Court to order his immediate release or, in the alternative, to order the government to provide him with an individualized bond hearing before an Immigration Judge within seven (7) days of the Court's order.

## JURISDICTION

8. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

9. This Court has subject matter jurisdiction under 28 U.S.C. § 2241(habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I § 9, cl. 2 of the U.S. Constitution (Suspension Clause).

10. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

11. Venue is proper because Petitioner is presently detained by ICE at the Plymouth County Correctional Facility in Plymouth, Massachusetts, which is within the jurisdiction of this District.

## PARTIES

12. Petitioner is a citizen and national of Ecuador. Petitioner is currently detained by ICE at the Plymouth County Correctional Facility in Plymouth, Massachusetts, which is within the jurisdiction of this District. He is in the custody, and under the direct control, of Respondents and their agents.

13. Respondent Joseph D. McDonald Jr. is the head of the Plymouth County's Sheriff's Office, which operates the Plymouth County Correctional Facility, and he has immediate physical custody of Petitioner pursuant to the facility's contract with U.S. Immigration and Customs Enforcement to detain noncitizens and is a legal custodian of Petitioner. Respondent McDonald Jr. is a legal custodian of Petitioner.

14. Respondent Patricia Hyde is sued in her official capacity as the Acting Director of the New England Field Office of U.S. Immigration and Customs Enforcement. Respondent Hyde is a legal custodian of Petitioner and has authority to release him.

15. Respondent Todd Lyons is sued in his official capacity as the Secretary of the U.S. Department of Homeland Security ("DHS"). In this capacity, Respondent Lyons is responsible for the implementation and enforcement of the Immigration and Nationality Act, and oversees the U.S. Immigration and Customs Enforcement, the component agency responsible for Petitioner's detention. Respondent Lyons is a legal custodian of Petitioner.

16. Respondent Sirce Owen is the Acting Director of EOIR and has ultimate responsibility for overseeing the operation of the immigration courts and the Board of Immigration Appeals, including bond proceedings. Respondent Owen is a legal custodian of Petitioner.

17. Respondent Pamela Bondi is sued in her official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice ("DOJ"). In that capacity, she has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review ("EOIR"), which administers the immigration courts and the BIA. Respondent Bondi is a legal custodian of Petitioner.

18. Respondent Kristi Noem is the U.S. Secretary of Homeland Security and administers the Department of Homeland Security. In that capacity, she exercises ultimate authority over DHS, including U.S. Immigration and Customs Enforcement ("ICE"), which has responsibility for the detention and removal of noncitizens, and U.S. Citizenship and Immigration Services ("USCIS"), which adjudicates immigration benefits. Respondent Noem is also a legal custodian of Petitioner.

## REQUIREMENTS OF 28 U.S.C. § 2243

19. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

20. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the

most important writ known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

## STATEMENT OF FACTS

21. Petitioner is a 21-year-old citizen of Ecuador. He came to the United States to escape the abandonment and neglect he suffered in Ecuador while living in his mother's care. He duly pursued immigration relief and his Petition for Special Immigrant Juvenile status[1] was approved on February 3, 2025.

22. Petitioner entered the United States in about 2023.

23. On October 26, 2025, Petitioner encountered ICE/ERO and was detained. Petitioner was detained after a criminal arrest, for disorderly conduct. He was unable to be arraigned due to being taken into ICE custody.

24. Although Petitioner has not yet received an individualized bond hearing, the government and Immigration Judges have recently invoked *Matter of Yajure Hurtado*, 29 I&N Dec. 985 (BIA 2025), to decline jurisdiction at the very outset of such proceedings.

## LEGAL FRAMEWORK

---

[1] Congress created the Special Immigrant Juvenile (SIJ) classification "to protect abused, neglected, and abandoned children who, with the assistance of juvenile courts, are unable to reunite with one or both parents." *H.R. Rep. No. 105-405, at 130 (1997)*. See also Immigration Act of 1990, Pub. L. No. 101-649, § 153, 104 Stat. 4978, 5005–06 (codified as amended at 8 U.S.C. § 1101(a)(27)(J)). The statute reflects Congress's humanitarian purpose to provide lawful immigration status to vulnerable minors "for whom it would not be in their best interest to be returned to their country of nationality or last habitual residence." *Id.* Congress has repeatedly reaffirmed and expanded SIJ protections—most notably in the *Trafficking Victims Protection Reauthorization Act of 2008* (TVPRA), Pub. L. No. 110-457, § 235(d), 122 Stat. 5044, 5079—clarifying that the classification is available to minors whose juvenile-court findings are made under state law "on the basis of abuse, neglect, or abandonment." See *Osorio-Martinez v. Attorney General*, 893 F.3d 153, 160–61 (3d Cir. 2018) (recognizing Congress's intent to protect SIJ-eligible youth from removal while their petitions are pending). The SIJ framework thus embodies a congressional judgment that these children merit protection, not punishment, and should not be subjected to prolonged or arbitrary immigration detention inconsistent with their recognized vulnerability.

25. Petitioner is present in the United States and, on information and belief, the DHS has alleged or will allege that Petitioner was not previously admitted or paroled into the United States.

26. Petitioner cannot be subject to mandatory detention under 8 U.S.C. § 1225(b)(1), including because Petitioner does not meet the criteria for Expedited Removal. *See Make the Road New York v. Noem*, No. 25-190, 2025 WL 2494908, at *23 (D.D.C. Aug. 29, 2025).

27. Petitioner cannot be subject to mandatory detention under 8 U.S.C. § 1225(b)(2), including because, as a person already present in the United States, Petitioner is not presently "seeking admission" to the United States. *See Aguiriano v. Romero v. Hyde*, No. 25-11631, 2025 WL 2403827, at *1, 8-13 (D. Mass. Aug. 19, 2025).[2]

28. On information and belief, Petitioner was not, at the time of arrest, paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A), and therefore Petitioner could not "be returned" under that provision to mandatory custody under 8 U.S.C. § 1225(b) or any other form of custody. Petitioner is not subject to mandatory detention under § 1225 for this reason, as well.

---

[2] Petitioner was given apparent notice, based on his warrant and Notice to Appear, that he was being detained under § 1226, not § 1225. That, and the abrupt change in the government's longstanding detention policy under §§ 1225 and 1226, *see Carlos Augusto Chang Barrios, v. Craig Shepley, et al.*, No. 1:25-CV-00406-JAW, 2025 WL 2772579, at *9 (D. Me. Sept. 29, 2025) (discussing longstanding government policy of applying § 1226(a) to noncitizens without documentation already present in the United States), should give this Court pause. Courts considering factually similar cases have found that aliens without criminal convictions, who are already in the country, have been taken into custody under 8 U.S.C. § 1226, are specifically described in charging documents as "alien[s] present in the United States who ha[ve] not been admitted or paroled," and are in removal proceedings, are detained under 8 U.S.C. § 1226. *See*, e.g., *Gomes v. Hyde*, No. 1:25-CV-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025); *dos Santos v. Noem*, No. 1:25-CV-12052-JEK, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); *Martinez v. Hyde*, No. CV 25-11613-BEM, 2025 WL 2084238 (D. Mass. July 24, 2025); *Jimenez v. FCI Berlin*, Warden, No. 25-CV-326-LM-AJ, 2025 WL 2639390 (D.N.H. Sept. 8, 2025) (McCafferty, C.J.); *see also Romero v. Hyde*, No. CV 25-11631-BEM, 2025 WL 2403827, at *1 (D. Mass. Aug. 19, 2025) (gathering cases). The interpretive reasoning of these cases, given the lack of Supreme Court or First Circuit authority on the basic question of whether aliens in the petitioner's position are held under § 1225 or § 1226, should lead this Court to believe, that with an individual hearing in Immigration Court, a bond hearing on the merits of Mr. Orellana Holguin's request for release is the course of action most consistent with the requirements of due process.

29. Instead, as a person arrested inside the United States and held in civil immigration detention, Petitioner is subject to detention, if at all, pursuant to 8 U.S.C. § 1226. *See Aguiriano*, 2025 WL 2403827, at *1, 8-13 (collecting cases).

30. Petitioner is not lawfully subject to mandatory detention under 8 U.S.C. § 1226(c), including because he has not been convicted of any crime that triggers such detention. *See Demore v. Kim*, 538 U.S. 510, 513-14, 531 (2003) (allowing mandatory detention under § 1226(c) for brief detention of persons convicted of certain crimes and who concede removability).

31. Accordingly, Petitioner is subject to detention, if at all, under 8 U.S.C. § 1226(a).

32. As a person detained under 8 U.S.C. § 1226(a), Petitioner must, upon his request, receive a custody redetermination hearing (colloquially called a "bond hearing") with strong procedural protections. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *Doe v. Tompkins*, 11 F.4th 1, 2 (1st Cir. 2021); *Brito v. Garland*, 22 F.4th 240, 256-57 (1st Cir. 2021) (affirming class-wide declaratory judgment); 8 C.F.R. 236.1(d) & 1003.19(a)-(f).

33. Petitioner requests such a bond hearing.

34. However, on September 5, 2025, in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), the Board of Immigration Appeals issued a decision which purports to require the Immigration Court to unlawfully deny a bond hearing to all persons such as Petitioner.[3]

35. The responsible administrative agency has therefore predetermined that Petitioner will be denied a bond hearing.

---

[3] The BIA's reversal and newly revised interpretation of the statute are not entitled to any deference. *See Loper Bright Ent. v. Raimondo*, 603 U.S. 369, 412-13 (2024).

36. Petitioner is being irreparably harmed by his ongoing unlawful detention without a bond hearing.  *See Aguiriano*, 2025 WL 2403827, at *6-8 (no exhaustion required because "[o]bviously, the loss of liberty is a . . . severe form of irreparable injury" (internal quotation marks omitted)); *Flores Powell v. Chadbourne*, 677 F. Supp. 2d 455, 463 (D. Mass. 2010) (declining to require administrative exhaustion, including because "[a] loss of liberty may be an irreparable harm"); *cf. Brito v. Garland*, 22 F.4th 240, 256 (1st Cir. 2021) (citing *Bois v. Marsh*, 801 F.2d 462, 468 (D.C. Cir. 1986), for proposition that "'[e]xhaustion might not be required if [the petitioner] were challenging her incarceration . . . or the ongoing deprivation of some other liberty interest'").

37. The Immigration Court lacks jurisdiction to adjudicate the constitutional claims raised by Petitioner, and any attempt to raise such claims would be futile.  *See Flores-Powell*, 677 F. Supp. 2d at 463 (holding "exhaustion is excused by the BIA's lack of authority to adjudicate constitutional questions and its prior interpretation" of the relevant statute).

38. Accordingly, there is no requirement for Petitioner to further exhaust administrative remedies before pursuing this Petition.  *See Portela-Gonzalez v. Sec'y of the Navy*, 109 F.3d 74, (1st Cir. 1997) (explaining that, where statutory exhaustion is not required, administrative exhaustion not required in situations of irreparable harm, futility, or predetermined outcome). *See Also Gomes v. Hyde*, No. 25-11571, 2025 WL 1869299, at *4 (D. Mass. July 7, 2025) ("[E]xhaustion is not required by statute in this context.").

## CLAIMS FOR RELIEF

### COUNT ONE

### Violation of Fifth Amendment Right to Due Process

39. Petitioner's prolonged detention without an individualized custody redetermination violates the Due Process Clause of the Fifth Amendment. The First Circuit has held that detainees under § 1226(a) are entitled to robust procedural safeguards in custody redetermination hearings. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *Brito v. Garland*, 22 F.4th 240, 256–57 (1st Cir. 2021). By denying Petitioner any bond hearing, Respondents have deprived him of liberty without due process of law.

40. For these reasons, Petitioner's detention violates the Due Process Clause of the Fifth Amendment.

## COUNT TWO

## Unlawful Detention Under the INA 8 U.S.C. §§ 1225, 1226 and Violation of the Administrative Procedure Act (5 U.S.C. § 706)

41. Petitioner's continued detention is not authorized by statute. Petitioner cannot be lawfully detained under 8 U.S.C. § 1225(b)(1) because he does not meet the statutory criteria for expedited removal, nor under § 1225(b)(2) because, as a person already present in the United States, he is not "seeking admission." Petitioner is not subject to mandatory detention under 8 U.S.C. § 1226(c), as he has not been convicted of any removable crime. Instead, Petitioner is lawfully subject, if at all, only to detention under § 1226(a), which requires access to an individualized custody redetermination hearing. The refusal to provide such a hearing is ultra vires and unlawful.

42. The Department of Justice and Department of Homeland Security, through the *Matter of Yajure Hurtado*, 29 I&N Dec. 985 (BIA 2025), have arbitrarily and capriciously departed from decades of settled statutory practice by misclassifying persons like Petitioner under § 1225(b) rather than § 1226(a). This misclassification denies access to bond hearings

without reasoned explanation, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2).

43. For these reasons, Petitioner's detention violates 5 U.S.C. § 706.

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

1. Assume and retain jurisdiction over this matter pursuant to 28 U.S.C. § 2241 and Article I, § 9, cl. 2 of the U.S. Constitution;

2. Issue an Order to Show Cause directing Respondents to show cause within three (3) days why the writ should not issue;

3. Declare that Petitioner's detention under 8 U.S.C. § 1225(b) is unlawful and ultra vires, and that Petitioner is lawfully subject, if at all, only to detention under 8 U.S.C. § 1226(a);

4. Declare that Petitioner's continued detention without an individualized custody redetermination hearing violates the Immigration and Nationality Act, the Administrative Procedure Act, and the Due Process Clause of the Fifth Amendment to the United States Constitution;

5. Enjoin Respondents from applying *Matter of Yajure Hurtado*, 29 I&N Dec. 985 (BIA 2025), to Petitioner or to other similarly situated individuals in this District insofar as it deprives them of their statutory right to a bond hearing;

6. Order Respondents to provide Petitioner with an individualized custody redetermination (bond) hearing before an Immigration Judge within seven (7) days of this Court's order, with the procedural safeguards required by law, including that the government bears the burden to justify detention by clear and convincing evidence;

7. Alternatively, Order Petitioner's immediate release from immigration custody under reasonable conditions of supervision; and

8. Retain continuing jurisdiction to enforce compliance with this Court's orders and to ensure that Petitioner remains within this Court's jurisdiction until such relief is fully effectuated.

9. Grant any further relief this Court deems just and proper.

                Respectfully submitted,

                ss// *Kevin MacMurray*

                Kevin MacMurray
                BBO#558192
                MacMurray & Associates, LLC
                Two Center Plaza, Suite 605
                Boston, MA 02108
                kpm@macmurrayassociates.com

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

      I represent Petitioner, Kuisther Fernando Orellana Holguin and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 28 day of October, 2025.

                /s/    *Kevin MacMurray*
                Kevin MacMurray

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document will be served on counsel for all parties through the Court's CM/ECF system.

Dated this 28 day of October, 2025.

                                                           _/s/    Kevin MacMurray_
                                                               Kevin MacMurray